UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| TODD MICHAEL STEWART, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 2:17-cv-66-ACL |
| MARY PEBLES, et al., | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court upon initial review, pursuant to 28 U.S.C. § 1915(e)(2), of the complaint filed by plaintiff Todd Michael Stewart, a prisoner. For the reasons discussed below, the Court will allow plaintiff to proceed in forma pauperis in these proceedings, and will assess an initial partial filing fee of $1.56. In addition, for the reasons discussed below, the Court will direct plaintiff to submit an amended complaint.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

This case originated in the United States District Court for the Western District of Missouri, where plaintiff filed a complaint on September 11, 2017. On September 20, 2017, the Honorable Fernando J. Gaitan, Jr. entered an order transferring the case to this District Court on the basis of venue. Judge Gaitan also granted plaintiff provisional leave to proceed in forma pauperis. Having reviewed the "Affidavit in Support of Request to Proceed In Forma Pauperis – Prisoner Cases" form that plaintiff filed when he initiated this case in the United States District Court for the Western District of Missouri, this Court has determined to allow plaintiff to proceed in forma pauperis in these proceedings. The Court has also reviewed the inmate account statement that plaintiff submitted, which shows an average monthly balance of $7.80. The Court will therefore assess an initial partial filing fee of $1.56, which is twenty percent of plaintiff's average monthly balance.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a

2

context-specific task that requires the reviewing court to, *inter alia*, draw upon judicial experience and common sense. *Id.* at 679.

When reviewing a *pro se* complaint under § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, this does not mean that *pro se* complaints may be merely conclusory. Even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Jail Administrator Mary Pebles, and Shawn Webster, the Sheriff of Clark County, are named as defendants. Plaintiff sues both defendants in their official and individual capacities.

Plaintiff claims his Eighth Amendment rights were violated because he was not given medication to treat a seizure disorder, and he suffered a seizure that caused him to sustain neck and back injuries. He claims that he explained his need for the medication, but "they" denied it because he did not have money in his account. (Doc. 1 at 5). Plaintiff also states that he told "the sheriff" that his call button did not work, but the sheriff replied that the button worked, it had just been turned off. *Id.* at 6. Plaintiff alleges that the sheriff said he would have medical check plaintiff out, but that he did not receive treatment for one month. Plaintiff alleges that

3

when he saw the doctor, he was told he required treatment by a specialist, but "the jailer told them no which is cruel and unusual punishment." *Id.* Plaintiff also states he "received threats from a jailer John Gonzales." *Id.* He seeks monetary damages.

**Discussion**

The Court accepts as true plaintiff's allegations that he was denied necessary medication, and that he suffered a seizure and injuries as a result. However, as pleaded, the complaint is subject to dismissal because it fails to state a claim upon which relief can be granted. In setting forth his claims, plaintiff alleges only that "they" and "the jailer" took action that violated his constitutional rights. (Doc. 1 at 5-6). While plaintiff names Pebles as a defendant, he does not allege that she was personally involved in, or directly responsible for, any alleged constitutional violation. In fact, with the exception of naming Pebles as a defendant, plaintiff does not mention her at all. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given *pro se* complaints"); *see also Krych v. Hvass*, 83 F. App'x 854, 855 (8th Cir. 2003) (affirming dismissal of *pro se* complaint against defendants who were merely listed as defendants in the caption and there were no allegations of constitutional harm against them). Regarding Webster, plaintiff can be understood to refer to him as "the sheriff" in the body of the complaint. However, the only action plaintiff attributes to "the sheriff" is that he told plaintiff the call button had been turned off, and that he said he would "have medical check [plaintiff] out" but plaintiff was not seen for one month. (Doc. 1 at 6). Plaintiff does not allege that the sheriff turned off the call button, nor does he allege that the

sheriff was personally responsible for any denial of medical treatment, or for any delay in the receipt of medical treatment.

Because plaintiff is proceeding *pro se*, the Court will allow him to file an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so it must include all claims plaintiff wishes to bring. *E.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff must submit the amended complaint on a court-provided form, and the amended complaint must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure.

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. Plaintiff should also indicate whether he intends to sue each defendant in his or her individual capacity, official capacity, or both.[1]

In the "Statement of Claim" section, plaintiff should begin by writing the first defendant's name. In separate, numbered paragraphs under that name, plaintiff should write the specific facts that support his claim or claims against that defendant, as well as the constitutional right or rights that defendant violated. Plaintiff should only include claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

If plaintiff is suing more than one defendant, he should do the same thing for each one, separately writing each individual defendant's name and, under that name, in numbered paragraphs, the factual allegations specific to that particular defendant and the right(s) that defendant violated. Plaintiff's failure to make specific and actionable factual allegations against any defendant will result in that defendant's dismissal from this case.

---

[1] The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff may proceed in forma pauperis in these proceedings.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this Memorandum and Order, plaintiff must pay an initial filing fee of $1.56. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) this case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this Memorandum and Order, plaintiff shall submit an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form. Plaintiff may request additional forms as needed.

**If plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.**

Dated this 15th day of November, 2017.

*/s/ Abbie Crites-Leoni*
ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE